**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**RUBY HISER**                                                                                                        **PLAINTIFF**

**v.**                                              **No. 4:11-cv-00517 KGB**

**XTO ENERGY INC.**                                                                                      **DEFENDANT**

**ORDER**

Defendant, XTO Energy Inc. ("XTO"), has moved to compel production of a report relating to an inspection by Justin Hall, plaintiff's expert witness, of a home that, like plaintiff's, was allegedly damaged by vibrations from drilling (Dkt. No. 39).

XTO deposed Mr. Hall on June 18, 2012. By agreement of the parties and at XTO's request, Mr. Hall's deposition was taken after the discovery deadline set forth in the Court's Final Scheduling Order (Dkt. No. 22). During the deposition, counsel for XTO asked Mr. Hall if he had any experience inspecting homes allegedly damaged by vibrations from drilling. Mr. Hall stated that he did not, although he described experience inspecting homes allegedly damaged by vibrations from pipeline installations. On July 2, 2012, plaintiff's counsel notified XTO's counsel by email that Mr. Hall recalled he had inspected a home on October 28, 2010 believed to have been damaged by nearby drilling.

Initially, XTO's counsel requested that Mr. Hall supplement his testimony by affidavit with enough information to permit XTO to verify the testimony, such as the property owner and date of inspection. Mr. Hall provided information by email, including the date of inspection, homeowner's name, address of the property, and what appears to be a contact phone number. After receiving that information, XTO's counsel inquired about and informally requested a copy of any report authored by Mr. Hall on the inspection.

Ms. Hiser's counsel refuses to provide the report, taking the position that prior reports are not listed in Rule 26 of the Federal Rules of Civil Procedure as items that must be disclosed in litigation, XTO did not request prior reports in an interrogatory or a request for production timely served on Ms. Hiser, XTO did not request any prior reports from Mr. Hall during his deposition even though Mr. Hall mentioned other types of inspections he had conducted, and prior reports are not relevant under Rule 26.  Further, in response to the motion to compel, Ms. Hiser represents that Mr. Hall did not rely on the October 28, 2010, inspection when authoring his initial report for Ms. Hiser, as that initial report is dated June 5, 2009, and was first revised September 23, 2009.  Ms. Hiser also takes the position that she does not have and is not planning to use at trial the inspection report.  Ms. Hiser makes clear that XTO did not provide prior reports authored by its expert in this case.  The Court notes that, according to XTO, Ms. Hiser never requested prior reports and, in fact, never requested a deposition of XTO's expert witness.

XTO contends that the report it seeks from Mr. Hall is relevant, and therefore discoverable under Rule 26(b), because it "was given with regards to the same cause of damages as that alleged by the plaintiff . . . ."  XTO argues that it is entitled to cross examine Mr. Hall regarding his experience. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents . . . ." Fed. R. Civ. P. 26(b)(1).  Additionally, an expert witness must provide a report containing, among other things, "a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition."  Fed. R. Civ. P. 26(a)(2)(B)(v).  Rule 26 of the Federal Rules of Civil Procedure does not, however, require production of an expert's reports from other cases.

The courts that have considered this issue of whether prior expert reports are discoverable have reached two different results. Some courts have held that Rule 26(a)(2)(B)(v) is the exclusive means of expert discovery. *E.g.*, *Surles v. Air France*, 2001 WL 815522 (S.D.N.Y. 2001); *Trunk v. Midwest Rubber & Supply Co.*, 175 F.R.D. 664 (D. Colo. 1997); *In re Air Crash Disaster at Stapleton International Airport*, 720 F. Supp. 1442 (D. Colo. 1988). Other courts have resolved the issue by balancing the probative value of the requested information against the burden placed on the individual from whom the information is sought. *E.g.*, *Wagner v. Mr. Bults, Inc.*, 2010 WL 4781623 (D. Neb. 2010) (denying motion to quash subpoena directed to expert witness requesting two previous reports that were relevant); *Dering v. Service Experts Alliance LLC*, 2007 WL 4299968 (N.D. Ga. 2007) (quashing subpoena directed to expert's employer because production would have been unduly burdensome).

Regardless of whether Rule 26(a)(2)(B)(v) is the exclusive means of expert discovery, the Court denies the motion to compel. The Court's Final Scheduling Order provides: "The parties may conduct discovery beyond [the discovery deadline of June 4, 2012] if all parties are in agreement to do so; but the Court will not resolve any disputes in the course of this extended discovery." Mr. Hall's deposition was not taken until after the June 4, 2012, discovery deadline, and XTO did not request the production of this document until after the close of the discovery period. The Court notes that XTO did not subpoena the report from Mr. Hall or move to reopen his deposition to obtain information regarding the October 28, 2010, inspection. Instead, XTO moves to compel the production of a document it did not seek through a formal, timely discovery request. Ms. Hiser is under no obligation based on the language of Rule 26(a)(2)(B)(v) to turn over this document voluntarily, and XTO did not serve a timely, formal request for production seeking the document.

Therefore, the motion to compel is denied.

    SO ORDERED this 14th day of August, 2012

                                                             _____
                                                              Kristine G. Baker
                                                              United States District Judge