**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**RUBY HISER**                        **PLAINTIFF**

**v.**             **No. 4:11-cv-00517 KGB**

**XTO ENERGY INC.**                   **DEFENDANT**

**OPINION AND ORDER**

Plaintiff Ruby Hiser alleges her home was damaged by vibrations resulting from nearby drilling activity conducted by defendant XTO Energy Inc. ("XTO"). Ms. Hiser filed her action in Arkansas state court, and XTO removed it to federal court based on diversity of citizenship. 28 U.S.C. § 1332. The Court applies federal procedural rules, *see Scenic Holding, LLC v. New Bd. of Trustees of Tabernacle Missionary Baptist Church, Inc.*, 506 F.3d 656, 665 (8th Cir. 2007), but Arkansas substantive law, *see Bores v. Domino's Pizza, LLC*, 530 F.3d 671, 674 (8th Cir. 2008). XTO has moved for summary judgment on Ms. Hiser's claims of negligence, nuisance, and trespass (Dkt. No. 36). XTO contends in its motion that Ms. Hiser cannot prove that XTO's drilling operation caused vibrations that entered onto Ms. Hiser's property and proximately caused damage to her home, that Ms. Hiser has failed to designate an expert witness who can offer proof of causation on her claims, and that XTO could not have reasonably foreseen an appreciable risk of harm to others from vibrations allegedly caused by its drilling operation.

**I.**    **Factual Background**

Ms. Hiser lived in her home for six years before XTO began its drilling operation nearby. XTO began drilling a gas well on property adjacent to Ms. Hiser's home in February 2009. It was around this time that Ms. Hiser asserts she started feeling vibrations. Ms. Hiser testified that she feels the vibrations and hears her house "crackle" when XTO's drill is in use. She testified that

people who stayed the night in her home also felt the vibrations. Jay Jones, one of XTO's landmen, testified that he did not feel any vibrations when he visited Ms. Hiser's home on February 27, 2009.

Justin Hall, a licensed professional engineer, examined Ms. Hiser's home on June 5, 2009. Mr. Hall testified in his deposition that he has extensive experience in home construction and inspection and has inspected approximately 15 or 20 homes for subterranean vibrations associated with pipeline installations. Mr. Hall inspected those homes for the same types of damage as Ms. Hiser claims resulted from XTO's drilling operation. Mr. Hall testified that he could hear the nearby drilling during his inspection of Ms. Hiser's home. Based on his experience, the inspection, and the proximity of the drilling equipment to Ms. Hiser's home, approximately 150 feet at the time, Mr. Hall concluded that XTO's drilling was the source of the vibrations. In his report, Mr. Hall states that the damage to Ms. Hiser's home is consistent with vibrations from drilling, not the result of poor construction.

Mr. Hall conducted a second inspection on January 25, 2011, at which time he observed that the drilling area had moved closer to Ms. Hiser's home. Mr. Hall noted, among other things, excessive shifting of the foundation and numerous nail pops in the sheetrock uncharacteristic of normal foundation settlement. As before, he attributed the damage to nearby drilling and vibration.

## II. Summary Judgment Standard

Summary judgment is appropriate if the evidence, when viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The initial burden is on the moving party to demonstrate the absence of a genuine issue of material fact. *Id.* at 323. The burden then shifts to the non-moving party to establish by "specific

facts" that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986).

### III.  Causation

XTO contends that the only proof of causation Ms. Hiser offers is the opinion of her expert Mr. Hall, a licensed professional engineer. XTO maintains that Mr. Hall is not qualified to render an opinion on causation because he has no experience investigating vibrations from well drilling and that, without expert testimony, Ms. Hiser cannot prove that the damage to her home was proximately caused by XTO's drilling operation.

Proximate cause is "'that which in a natural and continuous sequence, unbroken by any efficient intervening cause, produced the injury, and without which the result would not have occurred.'" *Ashley County, Ark. v. Pfizer, Inc.*, 552 F.3d 659, 666 (8th Cir. 2009) (quoting *City of Caddo Valley v. George*, 340 Ark. 203, 213, 9 S.W.3d 481, 487 (2000)). In Arkansas, "proximate cause is generally a fact issue to be decided by a jury . . . ." *Id.* at 667. It becomes a question of law for the court only if reasonable minds could not differ. *Id.* "Proximate cause may be shown from circumstantial evidence, and such evidence is sufficient to show proximate cause if the facts proved are of such a nature and are so connected and related to each other that the conclusion therefrom may be fairly inferred." *New Maumelle Harbor v. Rochelle*, 338 Ark. 43, 46, 991 S.W.2d 552, 554 (1999) (internal quotation marks omitted).

As an initial matter, XTO has cited no controlling authority for its contention that Ms. Hiser must have expert testimony to prove her claims. *Cf. Junk v. Terminex Int'l Co.*, 628 F.3d 439 (8th Cir. 2010) (affirming summary judgment in toxic tort case based on plaintiff's failure to produce expert testimony where Iowa law required expert testimony on the issue of causation); *Brooks v.*

3

*Union Pac. R.R. Co.*, 620 F.3d 896 (8th Cir. 2010) (affirming summary judgment where plaintiff failed to designate an expert witness on the issue of causation in a FELA case).  Arkansas, by statute, requires expert testimony in medical malpractice cases when the standard of care is not within the jury's common knowledge and an expert is needed to help the jury decide the issue of negligence. *Robbins v. Johnson*, 367 Ark. 506, 512, 241 S.W.3d 747, 751 (2006).  The Arkansas Supreme Court has considered whether expert testimony is required to establish proximate cause in flooding cases and, because of the nature of the questions asked and proof admitted, reached different results. *Compare Western Union Telegraph Co. v. Turner*, 190 Ark. 97, 77 S.W.2d 633 (1935) (determining that substantial evidence supported the jury's finding and observing that, even if it is conceded that all expert witnesses introduced in a case agree upon the conclusion, the jury does not necessarily have to so find the facts because such expert testimony may be controverted by any other competent evidence), *with Kansas City, Ft. S. & M.R. Co. v. Cook*, 57 Ark. 387, 21 S.W. 1066 (1893) (reversing a jury's decision in part on the basis that it was improper to ask a non-expert witness whether an outlet of one hundred feet in a railway's road bed was sufficient to carry off water of a certain stream in time of ordinary flood because the question required special knowledge and skill not established of the witness).  These cases demonstrate that under Arkansas law proximate cause is generally a fact issue to be decided by a jury.

Based on these precedents and the facts presented here, viewed in a light most favorable to Ms. Hiser, the Court determines there are genuine issues of material fact in dispute and denies XTO's motion for summary judgment on the issue of causation.  Ms. Hiser lived in her home for six years before XTO began its drilling operation nearby.  Ms. Hiser testified that she felt vibrations and heard her house "crackle" when XTO's drill was in use.  She testified that people who stayed the

night in her home felt them too.  This lay witness testimony is circumstantial evidence of causation from which reasonable minds could draw different conclusions.  Therefore, XTO has failed to carry its burden of demonstrating that there is no genuine issue of material fact on the issue of causation.

To the extent the proof at trial involves complex factual issues, the Court acknowledges that expert testimony on the issue of causation might assist the trier of fact in this case.  *See, e.g.*, *Continental Geophysical Co. v. Adair*, 243 Ark. 589, 420 S.W.2d 836 (1968) (Fogleman, J., concurring) (noting that lack of substantial evidence of causation in case in which it was alleged that defendant's seismographic operations caused plaintiff's wells to dry up might have been cured by expert testimony).  Ms. Hiser retained Mr. Hall as an expert witness to testify on her behalf.  In the context of its motion for summary judgment, XTO challenges the admissibility of Mr. Hall's anticipated trial testimony under Rule 702 of the Federal Rules of Evidence.  XTO asserts specifically that neither Mr. Hall's report nor his testimony address his knowledge, skill, experience, training, or education that would qualify him to testify as an expert about purported vibrations caused by XTO's drilling activities.

This Court applies the law as set forth most recently by the Eighth Circuit Court of Appeals in *Kuhn v. Wyeth, Inc.*, 2012 WL 3030730 (8th Cir. July 26, 2012), to determine whether Mr. Hall's proposed testimony should be excluded.  Mr. Hall is a licensed professional engineer retained by Ms. Hiser to examine the damage to her home and render an opinion as to its cause.  Mr. Hall testified in his deposition that he has extensive experience in home construction and inspection and has inspected approximately 15 or 20 homes for subterranean vibrations associated with pipeline installations.  Mr. Hall inspected those homes for the same types of damage as Ms. Hiser claims resulted from XTO's drilling operation.  Based on the facts here, viewed in a light most favorable

to Ms. Hiser, the Court declines to exclude Mr. Hall's anticipated testimony at this stage of the proceeding. Because the Court concludes there are genuine issues of material fact in dispute, the Court denies XTO's motion for summary judgment on the issue of proximate cause.

### IV. Foreseeability

XTO also argues that it could not have reasonably foreseen that its drilling operation would cause damage to Ms. Hiser's home. "[T]he question of foreseeability and causation may be a question of fact, depending on the circumstances." *Stacks v. Arkansas Power & Light Co.*, 299 Ark. 136, 138-39, 771 S.W.2d 754, 756 (1989). The inquiry is whether the defendant could have reasonably foreseen an appreciable risk of harm to others, rather than the exact or precise harm that occurred or the specific victim of the harm. *Coca-Cola Bottling Co. of Memphis, Tenn. v. Gill*, 352 Ark. 240, 255, 100 S.W.3d 715, 724 (2003). On more than one occasion, the Arkansas Supreme Court has found negligence where it was alleged that drilling caused damage to nearby property. *O'Brien v. Primm*, 243 Ark. 186, 419 S.W.2d 323 (1967); *Western Geophysical Co. of America v. Mason*, 240 Ark. 767, 402 S.W.2d 657 (1966). At a minimum, there is a genuine issue of material fact in dispute on the question of foreseeability. The Court denies XTO's motion for summary judgment on the issue of foreseeability.

### V. Conclusion

For the foregoing reasons, XTO's motion for summary judgment is denied.

SO ORDERED this 14th day of August, 2012

*Kristine G. Baker*
_____
Kristine G. Baker
United States District Judge