IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**RUBY HISER**                                                              **PLAINTIFF**

v.                                        **No. 4:11-cv-00517 KGB**

**XTO ENERGY INC.**                                                   **DEFENDANT**

## ORDER

Before the Court are Plaintiff's Motion *in Limine* (Dkt. No. 52) and Defendant's Motion *in Limine* (Dkt. No. 54). The Court heard argument on these motions today at the pretrial conference held in this matter. The Court also heard argument regarding two additional matters regarding anticipated testimony and evidence, one raised by plaintiff Ruby Hiser and one raised by defendant XTO Energy Inc.

The Court rules as follows in regard to Plaintiff's Motion *in Limine*:

1.      The parties agree that neither shall make reference to plaintiff's motion *in limine*. The Court grants this portion of plaintiff's motion.

2.      The Court takes under advisement plaintiff's motion to exclude any evidence, testimony, and argument regarding payments made by XTO to Ms. Hiser for mineral rights or royalties. Before XTO presents evidence or testimony or makes argument on this point, counsel for XTO should approach the bench to raise the issue with the Court.

3.      The parties agree that neither shall make reference to other attorneys consulted or retained by Ms. Hiser. The Court grants this portion of plaintiff's motion.

4.      The Court takes under advisement plaintiff's motion to exclude any evidence, testimony, and argument regarding XTO's request to place seismographs or other measurement devices on Ms. Hiser's property. Before XTO presents evidence or testimony or makes argument

on this point, counsel for XTO should approach the bench to raise the issue with the Court.

5.      The Court takes under advisement plaintiff's motion to exclude any evidence, testimony, and argument regarding whether Ms. Hiser's family member built her home.   Before XTO presents evidence or testimony or makes argument on this point, counsel for XTO should approach the bench to raise the issue with the Court.

6.      The parties agree that neither shall make reference to prior settlement offers related to attempts to settle this litigation.  The Court grants this portion of plaintiff's motion.  The Court takes under advisement plaintiff's motion to exclude any evidence, testimony, and argument regarding XTO's offered inconvenience payments to Ms. Hiser.  Before XTO presents evidence or testimony or makes argument on this point, counsel for XTO should approach the bench to raise the issue with the Court.

7.      The Court takes under advisement plaintiff's motion to exclude any evidence, testimony, and argument regarding whether Ms. Hiser calls a certain witness or witnesses to testify. Before XTO presents evidence or testimony or makes argument on this point, counsel for XTO should approach the bench to raise the issue with the Court.

At the pretrial hearing in this matter, counsel for Ms. Hiser raised the anticipated testimony of Ms. Hiser's son and moved to exclude any evidence, testimony, or argument regarding whether Ms. Hiser's son has experienced vibrations or damage to his home which XTO represents is in close proximity to Ms. Hiser's home.  The Court takes this motion under advisement.   Before XTO presents evidence or testimony or makes argument regarding the anticipated testimony of Ms. Hiser's son, counsel for XTO should approach the bench to raise the issue with the Court.

The Court rules as follows in regard to Defendant's Motion *in Limine*:

1.      The parties agree that neither shall make reference to defendant's motion *in limine*. The Court grants this portion of defendant's motion.

2.      The parties agree that neither shall present evidence, testimony, or argument regarding liability insurance.  The Court grants this portion of defendant's motion.

3.      The Court grants defendant's motion to exclude any reference by counsel to or any lay witness testimony regarding the mechanics and details of how oil and gas wells are drilled or completed.  The Court also grants defendant's motion to exclude the use of photographs and diagrams as demonstrative evidence when those photographs and diagrams have no sponsoring witness to lay the foundation for the evidence and are not specific to the parties and matters at issue in this litigation.  The Court grants this portion of defendant's motion.  Lay witnesses may testify regarding their own observations of the gas well at issue in this litigation.

4.      The Court takes under advisement defendant's motion to exclude any evidence, testimony, and argument regarding plaintiff's "emotional distress, comfort, repose, health, safety or welfare."  Before Ms. Hiser or her counsel present evidence or testimony or make argument on this point, counsel for Ms. Hiser should approach the bench to raise the issue with the Court.

5.      The parties agree that neither shall make reference to prior settlement offers related to attempts to settle this litigation.  The Court grants this portion of defendant's motion.

6.      The parties agree that they shall abide by Federal Rule of Evidence 802 as it applies to attempts to make reference to or to introduce as evidence any statement or report of a person not called as a witness to testify at trial.  The Court grants this portion of defendant's motion.

7.      The parties agree that they shall abide by Federal Rule of Evidence 802 as it applies

to any quotes, bids, statements, or bills for repairs that have been or will be performed. The Court grants this portion of defendant's motion.

8.      The Court takes under advisement defendant's motion to exclude any evidence, testimony, and argument regarding the value of Ms. Hiser's home. Before Ms. Hiser or her counsel present evidence or testimony or make argument on this point, counsel for Ms. Hiser should approach the bench to raise the issue with the Court.

9.      The Court takes under advisement defendant's motion to exclude any evidence, testimony, and argument regarding Ms. Hiser's financial condition. Before Ms. Hiser or her counsel present evidence or testimony or make argument on this point, counsel for Ms. Hiser should approach the bench to raise the issue with the Court.

10.      The Court grants defendant's motion to exclude evidence, testimony, and argument of non-factual descriptions of XTO, its corporate structure, and its size. The Court takes under advisement defendant's motion to exclude any evidence, testimony, and argument regarding the financial worth of XTO. Before Ms. Hiser or her counsel present evidence or testimony or make argument on this point, counsel for Ms. Hiser should approach the bench to raise the issue with the Court.

11.      The parties agree that neither shall make reference to attorney-client privileged communications between XTO and its counsel. The Court grants this portion of defendant's motion.

12.      The Court grants defendant's motion to exclude "tangible objects, photographs, or other evidence not previously agreed on as admissible" from being shown to the jury prior to a ruling by this Court on the item's admissibility. The Court directs counsel to disclose to opposing counsel in advance of trial all tangible objects, photographs, and other evidence counsel intends to present

4

at the trial of this matter.

13.     The parties agree that they shall abide by Federal Rule of Evidence 802 as it applies to anything Ms. Hiser has been told by any lay or expert witness about this matter.  The Court grants this portion of defendant's motion.

14.     The parties agree that neither shall make reference to this Court's ability to reduce the amount of the verdict under appropriate circumstances.  The Court grants this portion of defendant's motion.

15.     The parties agree that neither shall make reference to any motions filed by the parties or rulings made by the Court in this matter.  The Court grants this portion of defendant's motion.

16.     The parties agree that neither shall attempt to introduce evidence, testimony, or argument regarding the "Golden Rule" or that suggests jurors should place themselves in plaintiff's position.  The Court grants this portion of defendant's motion.

17.     The Court denies defendant's motion to exclude evidence, testimony, and argument regarding whether XTO's corporate representative attends or does not attend trial.  All parties and their counsel anticipate this will be a two-day trial.

18.     The Court takes under advisement defendant's motion to exclude any evidence, testimony, and argument regarding the value of plaintiff's home.  Before Ms. Hiser or her counsel present evidence or testimony or make argument on this point, counsel for Ms. Hiser should approach the bench to raise the issue with the Court.

19.     The Court grants defendant's motion to exclude evidence, testimony, and argument that Ms. Hiser is an "innocent landowner."  Ms. Hiser may be referred to as a landowner, but references to guilt or innocence on the part of either party or their counsel are not appropriate in this

civil trial.

20.     The Court denies defendant's motion requesting that the Court require Ms. Hiser to demonstrate, outside the hearing or presence of the jury, that she can proffer sufficient evidence of causation.

At the pretrial hearing in this matter, counsel for XTO raised the issue of presenting evidence of a yet-to-be-obtained certified document from the Arkansas Oil and Gas Commission.  The Court directed that, if counsel for XTO obtains the certified document, XTO provide a copy of the document to Ms. Hiser and the Court.  Based on a description of the document, Ms. Hiser's counsel objects to it.  The Court takes this matter under advisement.  Before XTO presents evidence or testimony or makes argument regarding the substance of this document or attempts to introduce the document, counsel for XTO should approach the bench to raise the issue with the Court.

SO ORDERED this 24th day of August, 2012

_____
Kristine G. Baker
United States District Judge