IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**RUBY HISER**                                                                                   **PLAINTIFF**

v.                                     No. 4:11-cv-00517 KGB

**XTO ENERGY INC.**                                                                 **DEFENDANT**

## ORDER

On September 5, 2012, the Court entered an order permitting counsel to contact jurors who were open to being contacted. Three jurors consented to contact.

On October 8, 2012, defendant filed its renewed motion for judgment as a matter of law and for new trial. Defendant contends in its motion that the jury improperly considered extra-record evidence in reaching its verdict. In support of its contention, defendant submits the affidavit of juror Carrie Tranum. Ms. Tranum states in her affidavit that a fellow juror asked during deliberation whether fracking had been used. The juror then proceeded to explain to the other jurors what fracking is.

By order dated January 10, 2013, the Court set a hearing to determine whether and, if so, by what procedure the Court would examine Ms. Tranum. This prompted plaintiff's counsel to submit an affidavit from a second juror, Norvella Watson. Ms. Watson states in her affidavit that the jury did not discuss fracking after the jury sent a note to the Court asking, "XTO were they drilling only or were they also fracking," and receiving the Court's instruction, "You have all of the evidence in this case. You will have to make your decision based on what you recall of the evidence, and the instructions provided."

During the hearing, counsel for defendant indicated that he had spoken to a third juror, Michael Horn. Mr. Horn was the jury foreperson. Defendant's counsel claims that Mr. Horn

was the one who during deliberation addressed fracking. Counsel for defendant did not address at the hearing the substance of his post-trial discussion with Mr. Horn. Plaintiff's counsel indicated that she has tried to reach Mr. Horn to no avail.

Defendant's counsel has requested that the Court order the parties not to contact Mr. Horn, claiming as a reason that Mr. Horn's potential testimony could be tainted by contact at this point. The Court will not prohibit juror contact under these circumstances. Therefore, defendant's request is denied.

SO ORDERED this 18th day of January, 2013.

_Kristine M. Baker_
Kristine G. Baker
United States District Judge