IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**RUBY HISER**                                                                                    **PLAINTIFF**

v.                                      No. 4:11CV00517 KGB

**XTO ENERGY INC.**                                                                      **DEFENDANT**

## ORDER

Before the Court is plaintiff's motion for costs (Dkt. No. 85), to which defendant has responded in opposition. Plaintiff's motion is granted in part, and plaintiff is allowed $484.36 in costs.

Rule 54(d) of the Federal Rules of Civil Procedure provides that "costs—other than attorney's fees—should be allowed to the prevailing party." "A prevailing party is presumptively entitled to recover all of its costs." *168th & Dodge, LP v. Rave Reviews Cinemas, LLC*, 501 F.3d 945, 958 (8th Cir. 2007). The losing party bears the burden of making a showing that an award is inequitable under the circumstances. *Concord Boat Corp. v. Brunswick Corp.*, 309 F.3d 494, 498 (8th Cir. 2002). Allowable costs in most cases are limited to the categories set forth in 28 U.S.C. § 1920. Expenses exceeding the statutory limit must be borne by the party incurring them. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437 (1987). Taxable costs include: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under 28 U.S.C. § 1923; and (6) compensation of court appointed experts and interpreters under 28 U.S.C. § 1828. 28 U.S.C. § 1920.

Plaintiff seeks to recover $596.18 in costs. The Court will permit plaintiff to recover the $140.00 filing fee and copy charges in the amount of $28.20. The Court will also permit plaintiff to recover $316.17 for printing photographs used as exhibits. *See Maxwell v. Hapag-Lloyd Aktiengesellschaft, Hamburg*, 862 F.2d 767, 770 (9th Cir. 1988) ("The costs of the photographic materials used at the trial are encompassed by the statute's allowance for fees for exemplification and copies of papers necessarily obtained for use in the case."). Plaintiff may not recover $111.82 for mileage reimbursement. *See Roche v. City of Normandy*, 566 F. Supp. 37 (E.D. Mo. 1983).

\* \* \*

Plaintiff's motion for costs (Dkt. No. 85) is granted in part, and plaintiff is allowed $484.36 in costs.

SO ORDERED this 30th day of September, 2013.

_____
Kristine G. Baker
United States District Judge